CENTER FOR DISABILITY ACCESS
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Khushpreet Mehton, Esq., SBN 276827
Mary Melton, Esq., SBN 164407
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**,<br><br>    Plaintiff,<br><br>v.<br><br>**Jack M. Lapidos**, in individual and representative capacity as trustee of The Elizabeth Ann Taisch Trust dated March 10, 2000;<br>**Eric Mankuta**, in individual and representative capacity as trustee of The Elizabeth Ann Taisch Trust dated March 10, 2000;<br>**Steve Chao**, in individual and representative capacity as trustee of The Elizabeth Ann Taisch Trust dated March 10, 2000;<br>**UK Star, Inc**., a California Corporation; and Does 1-10,<br><br>    Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Scott Johnson complains of Defendants Jack M. Lapidos, in individual and representative capacity as trustee of The Elizabeth Ann Taisch Trust dated March 10, 2000; Eric Mankuta, in individual and representative capacity as trustee of The Elizabeth Ann Taisch Trust dated March 10, 2000;

1

Complaint

Steve Chao, in individual and representative capacity as trustee of The Elizabeth Ann Taisch Trust dated March 10, 2000; UK Star, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2. Defendants Jack M. Lapidos, Eric Mankuta and Steve Chao, in individual and representative capacity as trustees of The Elizabeth Ann Taisch Trust dated March 10, 2000, owned the real property located at or about 972 Sutter Street, San Francisco, California, in November 2017.

3. Defendants Jack M. Lapidos, Eric Mankuta and Steve Chao, in individual and representative capacity as trustees of The Elizabeth Ann Taisch Trust dated March 10, 2000, owned the real property located at or about 972 Sutter Street, San Francisco, California, in February 2018.

4. Defendants Jack M. Lapidos, Eric Mankuta and Steve Chao, in individual and representative capacity as trustees of The Elizabeth Ann Taisch Trust dated March 10, 2000, own the real property located at or about 972 Sutter Street, San Francisco, California, currently.

5. Defendant UK Star, Inc. owned the Mithila Hotel located at or about 972 Sutter Street, San Francisco, California, in November 2017.

6. Defendant UK Star, Inc. owned the Mithila Hotel located at or about 972 Sutter Street, San Francisco, California, in February 2018.

7. Defendant UK Star, Inc. owns the Mithila Hotel ("Hotel") located at or about 972 Sutter Street, San Francisco, California, currently.

8. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Plaintiff went to the Hotel in November 2017 and February 2018.

13. The Hotel is a facility open to the public, a place of public accommodation, and a business establishment.

14. Guestrooms are one of the facilities, privileges, and advantages offered

by Defendants to patrons of the Hotel.

15. Unfortunately, none of the guest rooms at the Hotel are accessible to wheelchair users.

16. Currently, there are no accessible guestrooms at the Hotel.

17. Paths of travel are also one of the facilities, privileges, and advantages offered by Defendants to patrons of the Hotel.

18. However, the path of travel to the Hotel entrance required a person to navigate steps for which there was no ramp.

19. Currently, the path of travel to the Hotel entrance requires a person to navigate steps for which there is no ramp.

20. Plaintiff personally encountered these barriers.

21. These inaccessible conditions denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

22. Plaintiff plans to return and patronize the Hotel but will be deterred from visiting until the defendants remove the barriers.

23. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

24. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

25. Plaintiff is deterred from returning and patronizing the Hotel because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Hotel as a customer once the barriers are removed.

Complaint

26. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

27. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is

Complaint

    readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

  c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

29. When transient lodging is provided, i.e., motels, hotels and similar establishments, there must be a certain number of accessible sleeping rooms or suites. 1991 Standards § 9.1.2.

30. Here, none of the guestrooms are accessible to wheelchair users.

31. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id.* 2010 Standards § 303.4.

32. Here, the unramped steps are a violation of the ADA.

33. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

34. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

35. Given its location and options, plaintiff will continue to desire to patronize the Hotel but he has been and will continue to be discriminated

Complaint

against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

37. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

38. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

39. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

40. Although the plaintiff was markedly frustrated by facing discriminatory barriers and this frustration possibly qualifies as an emotional distress injury, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest frustration and physical personal injury greater than the amount of the statutory damages.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: May 23, 2018                    CENTER FOR DISABILITY ACCESS

By: _____
Russell Handy, Esq.
Attorney for plaintiff

Complaint